Judge Mills
delivered the Opinion of the Court.
Smith declared in covenant on a writing, stipulating that he should deliver unto Duckham, two thousand pounds of good merchantable manufactured tobacco, at Boonsborough wai-ehouse, by the tenth of July then next ensuing; for which Duckham promised to pay to Smith, seven dollars per hundred in Commonwealth’s paper, and he set out the performance of the precedent condition on his part, by avering that he did by the day stipulated, deliver at Boonsborough warehouse, two thousand weight of good merchantable manufactured tobacco, and that the defendant was not there to receive it, and that said warehouse was locked up, so that he could not deposit the tobacco therein; and- he assigns for breach, that Duckham did not pay the stipulated price, or any part thereof.
Piea denying the perfor* manee of the condition precedent.
Evidence offered to prove the performance of the condition.
Motion for nonsuit overruled and' verdict and judgment (or plaintiff.
Where plaintiff avers pert formance of the condition precedent, ho must prove that; to shew a tender, or an excuse for non-performance, will not avail. ■
When the obligor covenants to deliver tobacco at aware-house, to the obligee, on a given day, relies on a tender in the absence of the obligee, be must shew the tender on the latest convenient hour of the day.
*373 Duck ham pleaded, that the plaintiff did not deliver two thousand pounds of good merchantable manufactured tobacco at Boonsborougli warehouse, by the tenth of July next succeeding the date of the writing declared on.
On the trial, the plaintiff proved, that on the tenth of July, named in the covenant, he did cause the tobacco, of the quality and quantity named in the writing, to be taken to the warehouse, or rather on the public road which passed the warehouse and as near thereto as was practicable, and that the warehouse was locked, and on search the defendant, who seems to have been the keeper, could not be found there or at any house near it, and after waiting about an hour, he caused the tobacco to be taken to a private house, about a quarter of a mile from the warehouse, and somewhat nearer to the landing, and there to be left, where he remained with it during the day.
The counsel for defendant, moved the court to instruct the jury, as in case of a non-suit, which was overruled by the court, and a verdict and judgment having been found for the plaintiff, the defendant below has prosecuted this writ of error.
We conceive that the motion to instruct, as in case of a non-suit, ought to have prevailed. The plaintiff might sustain his action either by avering the performance of a precedent condition on his part, or a tender of performance, and a failure or refusal to receive it. But whichsoever he may allege in his declaration, by that, he must be hound in his proof, and he cannot be permitted to aver performance, and then in his proof be allowed to excuse his non-performance, by shewing a tender or offer to perforin, which was the case here, and the proof of the latter will not be held equivalent to the former,
But if it should he allowed that the plaintiff might; aver performance and prove a tender and failure to receive, as the court below seems to have supposed, the proof of the plaintiff did not come up to such tender. Under the words of this agree *374 raént, we have no cloubt, the plaintiff might have performed the precedent condition even before the day, in the presence of the opposite party. But when he relies on a tender in the absence of the other party, and a consequent failure to receive, the tender ought to be set out as having taken place at the utmost convenient hour of the last day on which the performance could take place. Now the proof here, is, that the waggon arrived at the warehouse at nine o’clock in the morning, and staid about one hour only, before it was driven off at the order of the plaintiff. What may be the utmost convenient hour of the day, in which to do the business may often be a question, and in some particular cases may depend upon tbe nature of the business to be done at tbe time; but that question cannot arise here, for it cannot be pretended that tbe hour liere proved, to do this duty in, was the last convenient hour, and as he did not wait till that hour to make the tender, we are aware of no principle on which he can charge the defendant.
Covenant to deliver tobac co at a ware houses, does not require the covenantor to put it in the house.
Is it not too late after the jury have come into court with their verdict for plaintiff to endorse his agreement to receive bank paper.
We have treated the declaration of the plaintiff entirely as containing an averment of performance, because we do not view it as attempting to shew air excuse of performance or tender of performance. It does state, that the warehouse was locked, and that the defendant was not there, so that he could not deposit the tobacco therein. But before this, he states that lie delivered the tobacco, and what follows, is oidy an excuse for not placing the tobacco in the warehouse, which he was not bound to do; but to deliver it at tbe warehouse, and whether it-could, or did come within it, was a matter which belonged to the defendant.
Another question made is worthy of notice. The jury found the price of tobacco expressly in Commonwealth’s paper, and at the moment the verdict was returned, the counsel for plaintiff moved for, and obtained leave to endorse a willingness to accept Commonwealth’s paper, and the court thereupon, rendered judgment in the usual form, for the nominal amount found by tbe jury, as if it was specie, and added a note at the foot of thejudg* *375 merit, that the plaintiff agreed to accept the paper in discharge of the whole of it.
Query, will a note at the foot of a judgment that plaintiff agrees to receive bank paper, make-the judgment in substance for the paper, and within the act.
Act authorizing the re- ' covery of notes on the bank of the commonwealth in kind, does not apply to contracts made before the enactment.
Breck, and J. Speed Smith, for plaintiffs; Turner, for defendants.
Waving the question, whether after the trial was over, the plaintiff could have been permitted to make such endorsement, when the act of assembly-says, that it may be done at the trial as the last hour, and also whether this note at the foot of the judgment, stating that the plaintiff agreed to take bank notes, when the act requires the substance of the judgment itself, to be for the amount to be discharged in paper of the Bank of the Commonwealth, the endorsement was entirely inadmissible in this case.
It has already been decided at .the present term, in the case of Feeinster vs. Ringo, that the act of assembly which allows such endorsements and directs judgments to be entered, payable in bank paper, does not include notes or contracts made before its passage; and as this contract was made and becanle due before the passage of that act, the case was not affected by it, and all the judgment to which the plaintiff might be entitled, could not exceed the value of the bank paper, when due, in specie, with the interest thereon.
The judgment is reversed with costs, and the verdict set aside, and the cause is remanded for new proceedings not inconsistent with this opinion.